CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
OCT 05 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LISA L. SLAYTON, | ) | CASE NO. 4:05CV00002 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's June 4, 2002 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the court will RECOMMEND that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 36 years old with two years of college education and with past relevant work as a lab technician, machine operator, yarn creeler, and a cashier; had not engaged in substantial gainful activity since her alleged date of disability onset, February 26, 2002; met the non-disability requirements; and was insured for benefits through the date of his September 23, 2003 decision. (R. 17, 18.) The Law Judge

further found that plaintiff has a disorder of the spine, resulting from an automobile accident that occurred in December 1999, which is a severe impairment, though not severe enough to meet or equal any listed impairment. (*Id.* at 20.) The Law Judge was of the view that plaintiff's allegations concerning the limitations imposed by her back injury were "not entirely credible," and that she retained the residual functional capacity to perform sedentary work and lift 10 pounds, stand or walk for 2 hours, and sit for 6 hours in an 8-hour day. (*Id.* at 21, 22.) As limitations, the Law Judge noted that plaintiff needed a sit/stand position which included no climbing of ladders or crawling, and only occasional stooping, balancing and climbing of stairs. (*Id.* at 22.) Additionally, the Law Judge determined that plaintiff should avoid major vibrations and workplace hazards, such as moving machinery and heights. (*Id.*) Because plaintiff's past relevant work was light work and she is only capable of performing sedentary work which allows for a sit/stand option, the Law Judge determined that plaintiff cannot return to her past relevant work. (*Id.*) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as an addresser and food/beverage worker were available to plaintiff, and that she was not disabled under the Act. (*Id.* at 23.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision.[1] (*Id.* at 5-9.) Accordingly, the Appeals Council denied review and adopted the Law

---

[1] An additional exhibit was provided to the Appeals Council; however, it was not addressed in the notice to plaintiff that her appeal was denied. The exhibit is a "Medical Assessment of Ability To Do Work-Related Activities (Physical)" submitted by plaintiff's chiropractor Larry McGlothlin. For the reasons stated in the body of this Report and Recommendation, McGlothlin's opinion is entitled to "little weight." The document consists of

2

Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff contends that the Commissioner's decision is not supported by substantial evidence for two reasons. Pl's Motion For Summary Judgment ("Pl's Motion") at 8, 9. First, plaintiff contends that the Law Judge simply "dismissed" the opinions of her treating sources, Larry McGlothlin, a chiropractor, and Michael J. Diminick, a medical doctor. Id. at 8. Plaintiff asserts that the decision to accord these treating sources a minimal amount of weight is not supported by the record. Id. at 9. Second, plaintiff avers that the Law Judge failed to consider information provided by the VE which revealed that the jobs he proposed were performed at a sedentary level and could only be performed with a sit/stand option and considerable accommodations. Id.

The court should afford the opinion of the treating physician great weight; however, the opinions are to be given controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." 20 C.F.R. § 416.927; *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

Here, the Law Judge gave "little weight" to Dr. Diminick's opinion that plaintiff was disabled because her alleged disabling pain appeared to be the result of subjective complaints which were not supported by clinical findings. (R. 22.) The Law Judge noted that he also gave "little weight" to McGlothlin's opinion that plaintiff was totally disabled because this conclusion was not supported by clinical findings; plaintiff's admitted daily activities reflected that she was

---

findings which appear to be supported solely by plaintiff's subjective complaints of pain. (R. 346-350.)

3

not as limited as McGlothlin opined; and in November 2002, McGlothlin essentially suggested that plaintiff was capable of performing sedentary work. (*Id.*)

The undersigned concludes that the Law Judge did not err in giving "little weight" to the opinions provided by Dr. Diminick and McGlothlin. Plaintiff alleges a disability onset date of February 26, 2002. A review of the record reveals that, Dr. Diminick's most recent evaluation of plaintiff prior to that date took place on October 24, 2001.[2] (R. 122.) The "impression/plan" portion of his office note from this evaluation shows that Dr. Diminick ordered plaintiff to take antiinflammatory medications[3] "as necessary" and return for further evaluation as needed. (*Id.*) Dr. Diminick evaluated plaintiff twice thereafter, namely on November 25, 2002 and August 12, 2004. The November 2002 evaluation shows a change for the worse in comparison to plaintiff's observed condition as late as October 2001, but reveals nothing about whether her status in 2002 related back to 2001. (R. 120, 122.) The August 2004 evaluation simply contained a pre-printed form signed by the doctor indicating that plaintiff's limitations "have been present since Dec 1999," but it lacked sufficient medical rationale to mandate acceptance by the administrative fact finder. (R. 350.) Thus, neither of the reports submitted after the expiration of plaintiff's insured status required the Commissioner to find that plaintiff became disabled before the expiration of

---

[2]Plaintiff's medical records contain a letter from Dr. Diminick dated December 18, 2001. However, there is nothing in the record to indicate that plaintiff actually was evaluated on that date. (R. 121.)

[3]In light of the fact that no prescription medications were prescribed, and the medical record does not reflect that she is taking any medication, it appears that Dr. Diminick is suggesting that plaintiff merely take over the counter medication as needed for her pain.

4

her insured status.[4]

Moreover, it does not appear that the Law Judge's evaluation of McGlothlin's opinion was erroneous. First and foremost, McGlothlin is a chiropractor, and as such, he does not qualify as an acceptable medical source, though his observations of the plaintiff over time could be given some weight. 20 C.F.R. §§ 404.1513(a), 404.1513(d) (providing that a chiropractor is not an "acceptable medical source," and as such, they do not qualify to give an opinion regarding the existence of a severe impairment, only the severity of the impairment and the extent to which it impacts a claimant's ability to work). Therefore, McGlothlin's opinion that plaintiff is totally disabled by her back impairment cannot be considered a medical opinion supported by acceptable clinical findings.[5] It is somewhat of a stretch to say that this finding is supported by his own records, since his records almost exclusively consist of preprinted forms filled out *by plaintiff*. Thus, it was not error for the Law Judge to have given McGlothlin's evidence little weight even under 20 C.F.R. § 404.1513(d).

Plaintiff next contends that the Law Judge failed to consider the fact that the VE's opinion included a statement that the two jobs he suggested, addresser and food/beverage worker, required an employer to make special accommodations for her.[6] Pl's Motion at 13-15. The VE

---

[4] As noted above, the record, as supplemented before the Appeals Council, contained an evaluation performed on August 12, 2004. (R. 9.)

[5] In a letter to plaintiff's counsel dated July 10, 2003, McGlothlin opined that plaintiff's "injuries are of a permanent nature and she is unlikely to improve after three years of treatment." (R. 340.)

[6] When a claimant's RFC is not affected by non-exertional limitations, the Law Judge simply can apply the grids. However, when, as here, there are non-exertional limitations, a VE is required. 20 C.F.R. § 404.1569, Appendix 2, § 200.00(e); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

5

acknowledged that, in order for plaintiff to work as an addresser or food/beverage worker, accommodations would have to be made by an employer. (R. 382-83.) The VE also testified that "there would be other jobs that are similar [to an addresser and food/beverage worker] in the national economy," but he did not elaborate or specify which jobs, how many there were, or whether these other jobs also would require special accommodations. (*Id.* at 381.) Whether these "other jobs" actually would be available to a person like plaintiff, without significant accommodations by an employer, is a matter which has not been developed adequately on the extant record. Good cause has been shown to remand the case for further proceedings in this regard so that a full and fair determination can be made with respect to whether there is alternate gainful employment available to a person with plaintiff's maladies and their effects.

Therefore, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision which denied benefits but REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation. The order should direct that in the event the Commissioner cannot grant benefits on the current record, she should recommit the case to a Law Judge for supplementary evidentiary proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10/5/05
Date